FEHLOW, Respondent, vs. ORVIS and another, Appellants.

*September 15—October 12, 1926.*

*Trusts: Person furnishing purchase price of real estate: Resulting trusts.*

Where deeds were recorded and real estate held by a grantee in her own name without objection or protest on the part of her brother, who long afterwards claimed that he was the owner of a one-half interest in the premises because he furnished one half of the purchase money, no resulting trust arose in the brother's favor in view of the abolition of resulting trusts by sec. 231.07, Stats., and the brother not bringing himself within any of the exceptions of sec. 231.09.

APPEAL from a judgment of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Affirmed.*

Ejectment. The defendants, *Levi C. Orvis* and *Flora B. Orvis,* are brother and sister, residing upon a farm in Kenosha county, Wisconsin. The farm was occupied by the

mother of the defendants as a life tenant, and upon her death the defendants purchased the interest of the other brothers and sisters of the land in question. It is claimed that *Levi* furnished more than one half of the purchase money and that it was agreed that the land was to be owned jointly in equal shares. As each outstanding interest was acquired, however, the defendant *Flora,* to the knowledge of *Levi,* procured the title to be taken in her own name. In April, 1924, *Flora B. Orvis* gave an option upon the premises at an agreed purchase price of $350 per acre. In June, 1924, the plaintiff procured the signature of *Flora B. Orvis* to a deed of the lands, he claiming to have purchased under the option of Robert C. Abt, and gave to *Flora B. Orvis* a note and mortgage. It is claimed that *Fehlow* negotiated with *Levi* for a conveyance. *Levi* refused, however, to convey his interest, and he and *Flora* continued to remain upon the premises and to occupy the same. Thereupon this action was commenced to eject the defendants, and the plaintiff, in accordance with the verdict of the jury, recovered judgment for damages in the sum of $1,361.55 and costs in the sum of $210.37, from which judgment the defendants appeal.

For the appellants the cause was submitted on the brief of *Roy S. Stephenson* of Kenosha.

*Edward J. Ruetz* of Kenosha, for the respondent.

ROSENBERRY, J.   There can be no doubt that at common law under the facts proven, the defendant *Flora* would have been held a trustee under a resulting trust. It is equally plain and certain that under the law of this state resulting trusts have been abolished (sec. 231.07, Stats.), excepting in those cases mentioned in sec. 231.09; and it is equally certain that the defendant *Levi* does not bring himself within the exception. *Levi* parted with his interest in the premises in question in 1894 to his brother Justin. In 1914

Justin conveyed his own interest in the estate, together with the interest purchased from *Levi,* to *Flora.* *Flora* acquired the interest of her brother John and sister Adelaide in 1916 and the interest of her brother Harry F. in 1918. The deeds were recorded, the property was held by *Flora* in her own name without objection or protest on the part of *Levi* until after an option had been given for substantially its full value, whereupon *Levi* set up the claim that he was the owner of the half interest in the premises because there was a resulting trust, due to the fact that he furnished one half of the purchase money. The claim that there was a mistake is untenable.

This case is ruled by *Richtman v. Watson,* 150 Wis. 385, 136 N. W. 797. We need not here repeat what was said there with respect to the abolition of resulting trusts.

*By the Court.*—Judgment affirmed.